# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James Lieffring, | Case No. 19-cv-2812 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Prairieland Solid Waste Facility, County of Martin, and County of Faribault, | |
| Defendants. | |

Areti Georgopoulos, Harmony Law Firm PLLC, 310 4th Avenue S., Suite 5010, Minneapolis, MN 55415; Heather M. Gilbert, Gilbert Law PLLC, 4856 Banning Avenue, Saint Paul, MN 55110; and Kaarin Nelson Schaffer, Conard Nelson Schaffer, 121 S. Eighth St., Suite 1425, Minneapolis, MN 55402, for Plaintiff.

Ryan P. Myers and Timothy P. Jung, Lind Jensen Sullivan & Peterson, PA, 901 Marquette Ave. S., Suite 1300, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Motion to Amend Pleadings [Doc. No. 83]. Based on a review of the files, submissions, and proceedings herein, and for the reasons set forth below, the Court **DENIES** the motion.

## I.   BACKGROUND

### A.   The Complaint

Plaintiff James Lieffring filed this lawsuit on October 30, 2019. (Compl. [Doc. No. 1].) The Complaint alleges six counts against Defendant Prairieland Solid Waste Facility

("Prairieland") and two counts against Defendants County of Martin and County of Faribault (the "Counties"). (Compl. ¶¶ 54–100.) It provides:

- Count I: Violation of the Family and Medical Leave Act ("FMLA") Against All Defendants.

- Count II: Disability Discrimination and Failure to Accommodate in Violation of the Americans with Disabilities Act ("ADA") Against Defendant Prairieland.

- Count III: Retaliation in Violation of the ADA Against Defendant Prairieland.

- Count IV: Disability Discrimination in Violation of the Minnesota Human Rights Act ("MHRA") Against Defendant Prairieland.

- Count V: Failure to Accommodate in Violation of the MHRA Against Defendant Prairieland.

- Count VI: Violation of the Minnesota Workers' Compensation Act ("WCA") Against All Defendants.

(*Id.*) Prairieland is identified as a defendant for all six causes of action, while the Counties are identified as defendants for Counts I and VI only. (*Id.*)

### B. The Pretrial Scheduling Order

On February 7, 2020, the Court issued the Pretrial Scheduling Order [Doc. No. 15]. The Order explicitly provides that it may be "modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3." (*Id.*) It also provides a May 1, 2020 deadline to amend the pleadings. (*Id.* at 3.) Neither party moved to amend the pleadings before that deadline.

### C.      Motion for Summary Judgment

The Defendants filed a Motion for Summary Judgment [Doc. No. 27] on February 25, 2021.  In particular, Defendant Prairieland sought to dismiss all six counts against it. (Defs.' Mem. [Doc. No. 29] at 23–40.)  Similarly, the Counties sought dismissal of Counts I and VI.  (*Id.* at 27–31, 38–40.)

On June 30, 2021, the Court denied Defendant's Motion for Summary Judgment [Doc. No. 51].  As relevant here, the Court found that a triable issue of fact exists as to whether Prairieland and the Counties are joint or integrated employers under the FMLA, the ADA, and the MHRA.  (Order Den. Summ. J. [Doc. No. 51] at 20.)  Accordingly, all six counts moved forward against Prairieland, and Counts I and VI advanced against the Counties.

### D.      Plaintiff's Motion to Amend Pleadings

On September 3, 2021, Plaintiff moved to amend the pleadings.  Plaintiff seeks to amend the Complaint in two ways: (1) to add a claim for retaliation under the MHRA; and (2) to assert Counts II through V against the Counties (together, the "Proposed Amendments").  (Pl.'s Mem. [Doc. No. 85] at 2.)  Plaintiff contends that the Court should grant leave for the Proposed Amendments for three reasons: (1) Rule 15 of the Federal Rules of Civil Procedure encourages courts to permit amendments; (2) the interest of justice requires it; and (3) Defendants will suffer no prejudice.  (*Id.* at 3–7.)  In response,

Defendants assert that the motion to amend should be denied because Plaintiff has failed to show good cause as required by Rule 16(b).[1]  (Defs.' Opp'n [Doc. No. 97] at 8, 11–15.)

## II.   DISCUSSION

Plaintiff requests permission to amend the Complaint to add a claim for retaliation under the MHRA and add the Counties as defendants to Counts II–V under Rule 15.

### A.      Rule 16(b)'s Standard of Review

Rule 16(b)'s good-cause standard applies when a party seeks leave to amend a pleading outside of the time period established by the scheduling order.  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional").  To determine good cause, courts analyze "the movant's diligence in attempting to meet the [scheduling] order's requirements."  *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014).  The court has discretion whether to allow untimely amendment of pleadings.  *See Kmak v. Am. Century Cos., Inc.*, 873 F.3d 1030, 1034 (8th Cir. 2017).

As noted, the Court's Pretrial Scheduling Order set May 1, 2020, as the deadline to amend the pleadings.  Lieffring brought this motion on September 3, 2021—sixteen

---

[1]      In addition, Defendants make alternative arguments under Rule 15, along with asserting a futility argument.  (Defs.' Opp'n at 8–11, 13–19.)  Because the Court resolves this matter based on a good-cause analysis, the Court does not need to reach those alternative arguments.

months after the scheduling order's deadline.  Accordingly, Lieffring is required to show good cause for his delay.

### B.     No Good Cause Exists

Nowhere in Lieffring's moving papers does he provide any explanation as to why the motion was filed after the deadline nor does he attempt to show good cause.  Failing to show good cause alone warrants denial of a motion to amend.  *See Harris*, 760 F.3d at 786 ("A district court acts 'within its discretion' in denying a motion to amend which made no attempt to show good cause.").  Nevertheless, the Court addresses whether good cause exists here.  *See Sherman*, 532 F.3d at 719, 724 (remanding because district court failed to engage in a good-cause analysis).

The record provides no support for a finding of good cause.  Courts usually look to the movant's diligence in attempting to meet the scheduling order's deadline to determine good cause.  *Id.* (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 16(b), advisory comm. note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  Evidence of good cause is "a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading."  *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).

In *Ellingsworth*, the Eighth Circuit analyzed whether the district court erred in denying a plaintiff's motion to amend that was filed after the scheduling order's deadline.  *Id.*  The plaintiff sought to add a claim of agency liability to the complaint.  *Id.*  The court explained that the motion was not based upon new law or changed facts; rather, the plaintiff

5

admittedly now realized—a little too late—that "he had no other way to hold [the defendant] liable." *Id.* Accordingly, the Eighth Circuit concluded that this reason was insufficient to establish good cause and thus affirmed the district court's denial of the motion. *Id.*

Like in *Ellingsworth*, Lieffring concedes that he is "not proposing any new factual allegations; he is simply adding a nearly identical state claim for retaliation and expanding the scope of liability to the Counties for the actions described in the Complaint." (Pl.'s Mem. at 7.) But those reasons are precisely why Lieffring's motion must be denied— nothing justifies his delay in bringing this motion. Put a different way, Lieffring apparently had all the facts and law needed to effectuate the Proposed Amendments when he first filed the Complaint.

For example, Lieffring states that the proposed MHRA amendment "is essentially identical to his retaliation claim under the ADA" because "it addresses the same prohibited acts as in the ADA." (*Id.* at 3–4.) This is a concession that Lieffring had all the necessary facts to bring this MHRA claim when he commenced litigation on October 30, 2019. And a complete lack of changed circumstances confirms Lieffring's lack of diligence. *See, e.g.*, *Davenport v. Riverview Gardens Sch. Dist.*, 30 F.3d 940, 946 (8th Cir. 1994) (affirming denial of motion to amend when "plaintiff had long been apprised by the district court of the shortcomings in the original and first amended complaints, and no newly discovered facts or circumstances justified the lateness of plaintiff's effort to cure the defects"); *Sherman*, 532 F.3d at 718 (explaining that a diligent party "would have performed this research at the outset of the litigation, and at least prior to the scheduled deadline"); *Sosa*

*v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (affirming denial of motion to amend because "the information supporting the proposed amendment to the complaint was available to Sosa even before she filed suit"). Similar to the plaintiffs in *Davenport*, *Sherman*, and *Sosa*, Lieffring had all the necessary information to bring these proposed claims when he commenced the lawsuit. Thus, he has no good cause for delay in filing the instant motion.

Lieffring also argues that this motion should be granted because justice requires it. (Pl.'s Mem. at 3–4.) Lieffring asserts that by adding these claims, he can "seek equal protection under federal and state law" and "seek full redress for violations of the ADA and MHRA." (*Id.*) Lieffring is essentially changing his litigation strategy as trial approaches. And a "change in litigation strategy" is insufficient to establish good cause at this stage. *See Ellingson*, 949 F.3d at 1100. Instead of moving forward with the claims as initially alleged, he seeks to add an entirely new retaliation claim under the MHRA and hold the Counties liable for four additional claims. Those decisions relate to case strategy—a strategy Plaintiff knowingly chose and against which Defendants have been litigating. This change in strategy is an inappropriate reason to amend the pleading. *See Binion v. City of St. Paul*, 788 F. Supp. 2d 935, 941–42 (D. Minn. 2011) (explaining that "despite clearly indicating in her complaint that she was *not* asserting any constitutional claims against the City, Binion now attempts to pursue such claims" and holding that "[t]he Court will not permit Binion to circumvent the scheduling order in this manner"). In light of *Binion* and *Ellingsworth*, good cause does not exist when a party seeks to adjust its strategy leading up to trial.

Lastly, Lieffring argues that the Court should grant the motion to amend because no prejudice will result to the Defendants.[2]  (Pl.'s Mem. at 5–7.)  As outlined above, prejudice is not the standard.  *Sherman*, 532 F.3d at 717 ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."); *see also Ortiz v. Dakota Cty.*, No. CIV. 11-674 MJD/SER, 2013 WL 1900618, at *2 (D. Minn. May 7, 2013) ("[T]he standard is not whether Defendants will be prejudiced by the allowance of an amended complaint.").  Accordingly, Lieffring's argument fails.

Nonetheless, some Eighth Circuit precedent suggests that motions to amend pleadings filed on the eve of trial are prejudicial.  *See  Thompson-El v. Jones*, 876 F.2d 66, 67, 69 (8th Cir. 1989) (affirming district court's denial of motion to amend when "made on the eve of trial and will cause prejudice"); *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 616 (8th Cir. 2003) (affirming the same when summary judgment motions had already been filed, the trial block was scheduled, and thus prejudice would ensue); *Wanzek Constr., Inc. v. Bootheel Ethanol, LLC*, Civ. No. 06-1649 (DWF/AJB), 2008 WL 11348486, at *2 (D. Minn. Apr. 16, 2008) (finding prejudice "substantial"

---

[2]      Plaintiff also argues, under Rule 15, that the motion to amend will aid in presenting the merits of his claims and that the Proposed Amendments relate back to the date of the Complaint.  (Pl.'s Mem. at 5–7.)  Because this motion is governed by Rule 16(b), and not Rule 15, those arguments are unpersuasive.

because "fact discovery has closed, Plaintiffs have already filed for summary judgment, and the trial-readiness date is less than three months away").

Accordingly, the Court finds that Lieffring has failed to show good cause for filing this motion after the deadline.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Pleadings [Doc. No. 83] is **DENIED**.

Dated: November 1, 2021                              s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge