UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Lieffring, <br><br> Plaintiff, <br><br> v. <br><br> Prairieland Solid Waste Facility, County of Martin, and County of Faribault, <br><br> Defendants. | Case No. 19-cv-2812 (SRN/TNL) <br><br><br> **MEMORANDUM, OPINION, AND ORDER** |

Areti Georgopoulos, Harmony Law Firm PLLC, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415; Heather M. Gilbert, Gilbert Law PLLC, 4856 Banning Avenue, Saint Paul, MN 55110; and Kaarin N. Schaffer, Conard Nelson Schaffer, 121 South Eighth Street, Suite 1425, Minneapolis, MN 55402, for Plaintiff.

Timothy P. Jung and Ryan P. Myers, Lind Jensen Sullivan & Peterson, PA, 901 Marquette Avenue South, Suite 1300, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Supplemental Motion for Partial Summary Judgment [Doc. No. 159] filed by Defendant Prairieland Solid Waste Facility ("Prairieland"). Based on a review of the files, submissions, and proceedings herein, and for the reasons set forth below, the Court **GRANTS** the motion.

**I.    BACKGROUND**

The Court previously outlined the factual background of this case in its June 30, 2021 Order Denying Defendants' Motion for Summary Judgment [Doc. No. 51] ("Summ. J. Order"). The Court has also previously explained the procedural history of this case at

1

some length in its November 1, 2021 Order Denying Plaintiff's Motion to Amend Pleadings [Doc. No. 104] ("Mot. Amend Order"). The Court therefore recites only the relevant background information.

### A. Motion for Summary Judgment

On February 25, 2021, Defendants filed a Motion for Summary Judgment [Doc. No. 27], seeking dismissal of the Complaint. Prairieland sought dismissal of all six counts alleged against it. (Defs.' Summ. J. Mem. [Doc. No. 29] at 23–40.) However, the County of Martin and County of Faribault (together, the "Counties") only sought dismissal of Counts I and VI, the counts alleged against them. (*See id.* at 27–31, 38–40.)

On June 30, 2021, the Court denied Defendant's Motion for Summary Judgment. (*See generally* Summ. J. Order.) As relevant here, the Court found that a triable issue of fact exists as to whether Prairieland and the Counties are joint or integrated employers under the FMLA, the ADA, and the MHRA. (*Id.* at 20.) But the Court also noted that "[i]t is undisputed that Prairieland employed fewer than 15 persons during the relevant time period." (*Id.* at 12.) At that time, all six counts moved forward against Prairieland, and Counts I and VI advanced against the Counties.

### B. Motion to Amend Pleadings

On September 3, 2021—sixteen months after the deadline—Plaintiff filed a motion to amend the pleadings [Doc. No. 83]. As part of that motion, Plaintiff sought to add the Counties as defendants to Counts II through V. (Pl.'s Mot. Amend Pleadings Mem. [Doc. No. 85] at 2.) The Court denied that motion, holding that Lieffring had failed to demonstrate good cause to justify amending the Complaint on the eve of trial, and

2

explaining that Lieffring had made a strategic decision to allege Counts II through V against Prairieland alone. (*Id.* at 5–8.)

### C. Subsequent Procedural Developments

Following entry of that order, the parties filed a series of motions in limine, in preparation for trial that was set to commence on January 18, 2022. (*See, e.g.*, Doc. Nos. 108, 113, 118, 122, 126.) The Court held a status conference with the parties on January 7, 2022, to discuss these motions, along with informing the parties that the trial would be delayed. (*See* Doc. No. 153.) The trial was subsequently set for May 5, 2022 [Doc. No. 172].

Prairieland then filed this supplemental motion, seeking summary judgment on Counts II, III, and V. (Def. Prairieland's Supp. Mot. Partial Summ. J. at 1.) Prairieland contends that summary judgment is appropriate on these counts because it is undisputed that Prairieland never employed more than 15 employees, which, if true, means that the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.01–.41, do not apply to Prairieland. (Def.'s Mem. [Doc. No. 161] at 1–2.)

After considering the parties' filings, submissions, and arguments, the Court orally granted Prairieland's motion for summary judgment, indicating that a written order would follow [Doc. No. 169]. This is the written order.

## II.     DISCUSSION

### A.     Legal Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intel., Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the moving party bears the burden of establishing the lack of a genuine issue of fact, the party opposing summary judgment may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

**B.     Analysis**

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has explained that this is a "simplified pleading standard" that "applies to all civil actions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002).  Although the " 'simplified notice pleading standard' " is not rigid, it does require that the complaint " 'give the *defendant* fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Cook v. George's, Inc.*, 952 F.3d 935, 938–39 (8th Cir. 2020) (emphasis added) (quoting *Swierkiewicz*, 534 U.S. at 513).

A plaintiff makes a strategic decision in deciding which defendant or defendants to name in a complaint.  *Cf. Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("[T]he plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue." (internal quotation marks omitted)); *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1135 (8th Cir. 2011) ("[A] court will not interfere with the consequences of a plaintiff's selection in naming parties." (internal quotation marks omitted)); *Srygley v. Crystal Emp. Servs.*, No. 16-cv-10346 (E.D. Mich. May 5, 2016) ("[P]laintiff made the strategic decision to name both defendants in a single lawsuit."); *Orogem Corp. v. De Beers Societe Anonyme*, No. CV 9-9014-JFW (SHx), 2010 WL 11549347, at *2 n.2 (C.D. Cal. Dec. 10, 2010) ("Plaintiff made the tactical decision to name thirteen defendants . . . ."); *Reinschmidt v. Exigence LLC (Del.)*, No. 13-CV-1153-A, 2014 WL 2047700, at *4 (W.D.N.Y. May 19, 2014) ("[F]undamental fairness does not obligate this court to intervene . . . in order to rescue plaintiff from the consequences of his

deliberate decision to name non-diverse defendants."). And a defendant is permitted to rely on the operative complaint in developing a defense strategy. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("By then, USPS, relying on Anderson's second amended complaint, had not received the fair notice required by the federal pleading rules.").

Here, Plaintiff filed the Complaint, alleging six causes of action. (*See generally* Compl.) Plaintiff alleged Counts I and VI against both Prairieland and the Counties, while alleging the other counts against Prairieland only. Simply put, Plaintiff made an intentional strategic decision to only sue Prairieland under Counts II, III, and V.[1] Furthermore, the Counties developed a defense strategy based on Counts I and VI, which is evidenced by the fact that they only sought summary judgment on those counts. What is more, nothing in Counts II, III, and V references liability for joint employers.

Despite Plaintiff's insistence that the Complaint put the Counties on notice of liability as joint or integrated employers with Prairieland, Plaintiff has failed to cite any caselaw that stands for the proposition that a non-party can be liable under those theories. To the contrary, the Eighth Circuit usually analyzes these theories with respect to named defendants. *See, e.g.*, *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 390, 292 (8th Cir. 1977) (analyzing whether the named defendants should be considered together); *Davis v. Ricketts*,

---

[1] Prairieland does not move for summary judgment on Count IV at this time, presumably because that claim does not have a numerosity requirement. *See* Minn. Stat. § 363A.08, subd. 2.

6

765 F.3d 823, 825 (8th Cir. 2014) (holding that named defendants were not joint employers).

Here, Plaintiff failed to allege Counts II, III, and V against the Counties, making the Counties non-parties to those claims. Because it is undisputed that Prairieland never employed more than 15 employees, Plaintiff failed to establish the numerosity requirement needed for the ADA and MHRA claims in Counts II, III, and V. *See* 42 U.S.C. § 12111(5)(A) ("The term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ."); Minn. Stat. § 363A.08, subd. 6 ("[I]t is an unfair employment practice for an employer with a number of part-time or full-time employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . equal to or greater than 15 . . . not to provide reasonable accommodation for a . . . qualified employee with a disability . . . ."). Accordingly, the Court grants Prairieland's motion for summary judgment on Counts II, III, and V.[2]

### III.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Prairieland's Supplemental Motion for Partial Summary Judgment [Doc. No. 159] is **GRANTED**.

---

[2]  Because the Court grants summary judgment based on the numerosity requirement, it need not address Prairieland's alternative arguments. (*See* Pl.'s Mem. at 10–12.)

Dated: April 5, 2022                                       s/ Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge