# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Lieffring,<br><br>Plaintiff,<br><br>v.<br><br>Prairieland Solid Waste Facility, County of Martin, and County of Faribault,<br><br>Defendants. | Case No. 19-cv-2812 (SRN/TNL)<br><br>**MEMORANDUM OPINION AND ORDER** |

Areti Georgopoulos, Harmony Law Firm PLLC, 310 Fourth Avenue South, Suite 5010, Minneapolis, MN 55415; Heather M. Gilbert, Gilbert Law PLLC, 4856 Banning Avenue, Saint Paul, MN 55110; and Kaarin N. Schaffer, Conard Nelson Schaffer, 121 South Eighth Street, Suite 1425, Minneapolis, MN 55402, for Plaintiff.

Timothy P. Jung and Ryan P. Myers, Lind Jensen Sullivan & Peterson, PA, 901 Marquette Avenue South, Suite 1300, Minneapolis, MN 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants' Motion to Exclude Evidence or Testimony Related to Issues Previously Decided by the Court [Doc. No. 193-1]; Defendants' Motion to Exclude Testimony Relating to Potential Unresolved Discovery [Doc. No. 193-1]; Defendants' Motion to Exclude Testimony of Disabilities Other Than Those Plaintiff Disclosed in Discovery [Doc. No. 193-1]; and Defendants' Motion to Exclude Exhibit 52 [Doc. No. 192]. Based on a review of the files, submissions, and proceedings herein, and for the reasons set forth below, the Court grants in part, denies in part, and defers in part these motions.

1

**I.	BACKGROUND**

The Court previously outlined the factual background of this case in its June 30, 2021 Order Denying Defendants' Motion for Summary Judgment [Doc. No. 51] ("Summ. J. Order"). The Court has also previously explained the procedural history of this case at some length in its November 1, 2021 Order Denying Plaintiff's Motion to Amend Pleadings [Doc. No. 104]. The Court therefore recites only the relevant background information for these motions.

On January 19, 2022, Defendant Prairieland filed a Supplemental Motion for Partial Summary Judgment [Doc. No. 159], seeking summary judgment on Counts II, III, and V. The Court granted that motion [Doc. Nos. 169, 178]. Shortly thereafter, Plaintiff James Lieffring voluntarily dismissed the claim of intentional obstruction of workers' compensation benefits in Count VI. (Pl.'s Notice Voluntary Dismissal [Doc. No. 174].)

In light of the dismissal of Counts II, III, V, and part of Count VI, Plaintiff filed a Motion to Exclude Dismissed Claims [Doc. No. 182-1]. The Court granted Defendants' request to file responsive pleadings, (*see* Doc. Nos. 183, 184), and agreed to consider Defendants' additional motions in limine ("Defs.' Mots.").

On April 14, 2022, the Court heard argument and ruled on various motions in limine. At that hearing, the Court granted Plaintiff's motion to exclude dismissed counts. (Hr'g Minutes [Doc. No 195] at 2–3.) However, the Court permitted Plaintiff to submit responsive filings to Defendants' newly filed motion to exclude testimony relating to unresolved discovery, motion to exclude testimony of other disabilities, and motion to exclude Plaintiff's Exhibit 52. (*Id.* at 2.) The Court also deferred ruling on Defendants'

2

motion to exclude evidence related to issues previously decided by the Court. (*Id.* at 3.) This Order resolves these motions.

## II.   DISCUSSION

### A.   Defendants' Motion to Exclude Evidence or Testimony Related to Issues Previously Decided by the Court [Doc. Nos. 193-1]

Defendants seek an order excluding two types of evidence. First, Defendants seek to exclude evidence that Defendants County of Martin and County of Faribault (together, the "Counties") were joint or integrated employers with Defendant Prairieland. (Defs.' Mots. at 721.) As the Court has previously ruled that the Plaintiff may introduce evidence that the Counties and Prairieland were joint or integrated employers under Count I, Defendants' motion is denied.

Second, Defendants seek to prohibit Plaintiff from arguing that the ability to lift 35 pounds is *not* an essential function of the job of a Prairieland Production Worker. (Defs.' Mots. at 726.) Defendants contend that the Court already made a finding in its Summary Judgment Order that the ability to lift 35 pounds is an essential function of this job.[1] In response, Plaintiff argues that this is a fact question for the jury.

The Court agrees that whether a function is an essential function is usually a question for the finder of fact. *See Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982, 990 (8th Cir. 2007) (explaining that the jury heard evidence from both parties on the essential

---

[1]   In the Summary Judgment Order, the Court stated that "[i]t is undisputed that the ability to lift thirty-five pounds is an essential requirement for Prairieland Production Workers." (Summ. J. Order at 22.) The Court notes that the standard on summary judgment is different than an admissibility standard for trial.

functions of the job and then determined what were the essential functions and whether plaintiff could perform them); *see also* 8th Cir. Model Jury Instr. No. 9.21 ("You should consider all of the evidence *in deciding whether a job function is essential.*" (emphasis added)). However, this issue is only submitted to the jury when there is a genuine issue of material fact. *See Moritz v. Frontier Airlines, Inc.*, 147 F.3d 784, 787 (8th Cir. 1998) (affirming district court's determination of a job's essential functions at summary judgment).

In this case, there is no genuine issue of material fact that an essential function of a Prairieland Production Worker is the ability to lift 35 pounds. (Deposition Transcript of James Lieffring [Doc. No. 30-1] 31:25–32:2.) Put differently, Plaintiff has not put forth any evidence that creates a material factual dispute. Instead, the parties dispute whether Mr. Lieffring could meet that requirement with his non-injured arm—not that the requirement is an essential function. And it is perfectly valid for Plaintiff to present evidence that Mr. Lieffring could meet the 35-pound requirement using his right arm. Accordingly, the Court denies this motion as moot.

**B.    Defendants' Motion to Exclude Testimony Relating to Potential Unresolved Discovery [Doc. No. 193-1]**

Defendants seek to exclude evidence relating to a discovery dispute that is currently before the magistrate judge. (Defs.' Mots. at 755; *see also* Mot. Discovery & Sanctions [Doc. No. 191].) The Court defers ruling on this motion until that discovery is complete.

### C. Defendants' Motion to Exclude Testimony of Disabilities Other Than Those Disclosed in Discovery [Doc. No. 193-1]

Defendants seek to exclude all evidence relating to any other disabilities suffered by Mr. Lieffring beyond those related to the rotator cuff injury suffered on January 30, 2018. (Defs.' Mots. at 765.) Plaintiff contends that—in addition to the shoulder injury and consequent disability—he has specifically alleged violations under the Family and Medical Leave Act ("FMLA") and the Minnesota Human Rights Act ("MHRA") due to his disability arising out of his mesenteric artery blockage on November 19, 2017. (Pl.'s Opp'n [Doc. No. 207] at 1–3.)

The Court has reviewed the parties' submissions regarding this issue and finds that Plaintiff alleged violations of FMLA in Count I relating to both disabilities. (Compl. [Doc. No. 1] ¶¶ 19–30, 59–60.) However, the Court finds that Plaintiff has not alleged violations of the MHRA in Count IV arising from his mesenteric artery blockage that occurred on November 19, 2017. Specifically, Plaintiff provided the following interrogatory answer during discovery:

> **INTERROGATORY 5**. Identify and describe all facts that support your claim you had a "disability within the meaning of Minn. Stat. § 363A.03, subd. 12(1)," as alleged in Paragraph 5 of your Complaint.
>
> **ANSWER**: Plaintiff has a rotator cuff tear in his left shoulder. This is a permanent injury. This is a physical disability that limits his major life activities of performing many manual tasks, lifting, and working without reasonable accommodation.

(Decl. of Heather M. Gilbert [Doc. No. 208] Ex. 1 at 3–4.) This clearly limits the MHRA claim to the shoulder injury that occurred on January 30, 2018.

For these reasons, the Court denies Defendants' motion as it relates to Count I, but grants Defendants' motion as it relates to Count IV.

### D. Defendants' Motion to Exclude Exhibit 52 [Doc. No. 192]

Defendants seek to exclude Exhibit 52, which is a photograph of Mr. Lieffring and his family. (Defs.' Mem. [Doc. No. 192] at 15–16; *see also* Defs.' Mots. at 276.) Plaintiff's counsel has submitted an affidavit [Doc. No. 210] arguing that Plaintiff can lay a proper foundation for this photograph. The Court denies Defendants' Motion to Exclude Exhibit 52.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Exclude Evidence or Testimony Related to Issues Previously Decided by the Court [Doc. Nos. 193-1] is **DENIED** and **DENIED** as moot;

2. Defendants' Motion to Exclude Testimony Relating to Potential Unresolved Discovery [Doc. No. 193-1] is **DEFERRED**;

3. Defendants' Motion to Exclude Testimony of Disabilities Other Than Those Disclosed in Discovery [Doc. No. 193-1] is **DENIED** as to Count I and **GRANTED** as to Count IV; and

4. Defendants' Motion to Exclude Exhibit 52 [Doc. No. 192] is **DENIED**.

Dated: April 21, 2022

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

6